# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NANCY LYNN BERRIGAN, | ) | 1:10-cv-00165 GSA |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | ) | |
| | ) | (Document 10) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

    Plaintiff filed this action on February 2, 2010. (Doc. 1.) On February 3, 2010, this Court granted Plaintiff's application to proceed in forma pauperis. (Doc. 3.) On that same date, the Court issued its Scheduling Order and Summons to Defendant. (Docs. 4 & 5.) Thereafter, Defendant received service of process on March 5, 2010. (Doc. 7.) On March 10, 2010, this Court issued its Informational Order for Pro Se Litigants. (Doc. 8.)

    On May 24, 2010, Plaintiff filed a Motion for Judgment by Default, wherein she seeks "judgment for the demand in the complaint" as against Defendant for its failure to file an answer and a "remand order . . for a favorable decision in plaintiff's case." (*See* Doc. 10.)

    Defendant has not failed to timely respond to Plaintiff's complaint and there is no reason to enter default or issue an order to show cause at this time.

As outlined in the Scheduling Order of February 3, 2010, Defendant has 120 days from the date it receives service of process within which to file the administrative record. (*See* Doc. 5 at ¶ 2 ["Within one hundred twenty (120) days after service of the complaint, respondent shall serve a copy of the administrative record on appellant and file it with the court. The filing of the administrative record shall be deemed an answer to the complaint"].) Additionally, in this Court's Informational Order served March 10, 2010, at page three, the following language appears: "Pursuant to the Scheduling Order, within one hundred twenty (120) days after service of the complaint, defendant is required to serve a copy of the administrative record on plaintiff and also file the administrative record with the Court, which serves as the answer to the complaint in this proceeding." (Doc. 8 at 3, emphasis in original.)

Therefore, because Defendant was served on March 5, 2010, Defendant has through and including July 6, 2010,[1] within which to file the administrative record in this matter. Once Defendant has filed the administrative record, Defendant will be deemed to have filed an answer to Plaintiff's complaint. Here, Defendant has not failed to timely respond to Plaintiff's complaint because Defendant has approximately forty days remaining within which to file the administrative record (5/27/10 - 7/6/10 = 40).

Plaintiff should refer to both the Scheduling Order of February 3, 2010, and the Informational Order of March 10, 2010, for information concerning due dates and deadlines specific to Social Security appeals and the procedures related thereto.

Lastly, in the event Defendant does not file the administrative record in a timely fashion, Plaintiff is advised the Court will issue the appropriate order to Defendant.

IT IS SO ORDERED.

Dated:   **May 27, 2010**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] 120 days technically falls on Saturday, July 3, 2010 (3/5/10 + 120), therefore, Defendant has until the next court business day to file the administrative record. Because the Court will be closed on July 5, 2010, in recognition of Independence Day, the next court business day falls on Tuesday, July 6, 2010.