# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NANCY LYNN BERRIGAN, | ) | 1:10-cv-000165-GSA |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING DEFENDANT"S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | (Document 14) |
| Defendant. | ) | |

Plaintiff Nancy Lynn Berrigan ("Plaintiff") filed the instant action on February 2, 2010. On June 22, 2010, Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that the Complaint is untimely. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge.

## **FACTS AND PRIOR PROCEEDINGS**

Plaintiff Nancy Lynn Berrigan ("Plaintiff") filed an application for benefits under Titles II and XVI of the Social Security Act on November 27, 2006. (Doc. 14-1 at 8.) Both claims were denied on June 6, 2007, upon reconsideration on November 19, 2007, and were also denied subsequent to a hearing with Administrative Law Judge ("ALJ") James P. Berry on July 22, 2009. (Doc. 14-1 at 8.)

1

1   On September 2, 2009, the Appeals Council sent Plaintiff a notice of its denial of review
2   and adoption of ALJ Berry's decision; the notice also informed Plaintiff that she had sixty days
3   to file a civil action to review the Appeals Council's decision. (Declaration of Joan DeVera at ¶
4   3(a); Doc. 14-1 at Exh. 2.)  On November 5, 2009, Plaintiff requested an extension of time to file
5   her civil action. (DeVera Dec. at ¶ 3(b).)  On December 23, 2009, the Appeals Council granted
6   this request, thereby permitting Plaintiff to file her civil action as late as January 27, 2010.
7   (DeVera Dec. at ¶ 3(b); Doc. 14 at 2; Doc. 14-1 at Exh. 2.)

8   The parties have each produced varied copies of the letter from the Appeals Council
9   granting Plaintiff's request for a thirty-day extension. (Doc. 14-1 at Exh. 4; Doc. 17 at Exh. 1.)
10  The copy provided by Defendant includes a date stamp in the top right corner which clearly states
11  "DEC 23 2009." (Doc. 14-1 at Exh. 4.)  The copy provided by Plaintiff, however, has no such
12  date stamp. (Doc. 17 at Exh. 1.)

13  On February 2, 2010, Plaintiff filed her complaint. (DeVera Dec. at ¶ 3(c); Doc. 1.)  On
14  June 22, 2010, Defendant filed the instant motion. (Doc. 14.)  On July 6, 2010, Plaintiff filed her
15  opposition. (Doc. 17.)

## SCOPE OF REVIEW

17  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the
18  sufficiency of the pleadings set forth in the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th
19  Cir. 2001). A motion to dismiss for failure to state a claim should not be granted unless it
20  appears beyond doubt that plaintiff can prove no set of facts to support the claim to entitle him to
21  relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson,* 355
22  U.S. 41, 45-46, (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289,
23  1294 (9th Cir.1981). The court must accept as true all factual allegations in the complaint,
24  construing the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S.
25  232, 236 (1974). When a federal court reviews the sufficiency of a complaint, before the
26  reception of any evidence, either by affidavit or admissions, its task is necessarily a limited one.
27  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to
28

offer evidence to support the claim. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

## DISCUSSION

### 1.   *Untimely Complaint*

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g).

Section 405(g) and (h) therefore operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987). As the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; *see, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day). "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D.Cal. Oct. 7, 2008).

The parties agree that on September 2, 2009, the Appeals Council sent notice of its action to Plaintiff, informing her of the right to review and of the right to commence a civil action within sixty days from the date of receipt. (Doc.14-1 at Exh. 2.) The parties further agree that on November 5, 2009, Plaintiff requested from Defendant an extension of time within which to file

her civil action. (Doc. 14-1 at Exh. 3.) At this point, however, the parties' factual contentions part.

Defendant has submitted a copy of its letter granting the extension that includes a date - December 23, 2009 - stamped in the upper right-hand corner, from which the recipient is expected to calculate a thirty-day extension. (Doc. 14-1 at Exh. 4.) Plaintiff also submitted a copy of the extension letter; however, her copy of the letter has no such date stamp. (Doc. 17 at 3, Exh. 1.) In fact, Plaintiff's letter is undated. (Doc. 17 at Exh.1.) Plaintiff contends in her opposition to Defendant's motion that she received the letter on January 5, 2010. (Doc. 17 at 2.) Thus, assuming Defendant's date of December 23, 2009, to be accurate, Plaintiff's complaint was technically untimely as she filed it on February 2, 2010. That date is beyond the sixty-day statue of limitations set forth in the governing regulations, as well as beyond the time permitted by the thirty-day extension. (42 U.S.C. § 405(g); Doc. 14-1 at Exh. 4; DeVera Dec. at ¶ 3(c)).

Given the above inconsistency, and reading the facts in the light most favorable to the Plaintiff, as we must, it would appear that while Plaintiff technically failed to timely file her civil action, the circumstances surrounding this action render it one of the "rare" cases, such as *Bowen*, "in which the equities of tolling are compelling." *Bowen*, 476 U.S. at 480-481.

**2.    *Equitable Tolling***

Defendant contends that equitable tolling is unwarranted because Plaintiff was not prevented from knowing about the proceedings in her case, and that Plaintiff was well aware of the process by which to request an extension regarding the limited time period within which she was to file her civil action. (Doc. 14 at 5-6.) Plaintiff admits that she was aware of the extension request process, but argues that she received the undated Appeals Council's letter granting her a thirty-day extension on January 5, 2010. (Doc. 17 at 1-2, Exh. 1.) As such, Plaintiff contends that she believed the last day to file her civil action was February 4, 2010, or thirty days after January 5, 2010. (Doc. 17 at 1-2.) Therefore, Plaintiff believed she timely filed her complaint on February 2, 2010. (Doc. 17 at 1-2.)

Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911 and

416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate. *Bowen*, 476 U.S. at 479-82. The Eighth Circuit, in *Turner v. Bowen*, explained that "[g]enerally, equitable circumstances that might toll a limitation period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).

In *Bowen*, the court applied equitable tolling because plaintiffs were prevented from filing because of "the Government's secretive conduct." *Bowen*, 476 U.S. at 481. Likewise, in *Vernon*, the court reasoned that equitable tolling was appropriate because the plaintiff had allegedly been told by an employee of the Social Security Administration that the deadline would be extended. *Vernon*, 811 F.2d at 1275. In contrast, in *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the court did not find equitable tolling applicable because the plaintiff was not "unusually disadvantaged in protecting his own interests" despite his being illiterate and unrepresented when he received the letter from the Appeals Council denying his benefits and informing him of his right to file a civil action. *Turner*, 862 F.2d at 709. In *Coleman v. Astrue*, 2010 WL 2606241 (E.D. Cal. June 28, 2010), this Court found that equitable tolling was not applicable because the plaintiff was unable to show that her tardiness was the result of her alleged mental or psychological impairment, or due to some misleading conduct by the Commissioner that interfered with her attempt to file. *Coleman*, 2010 WL 2606241 at *3-4.

The present case is akin to both *Bowen* and *Vernon*, in that all three cases involve conduct by someone other than the claimant that resulted in the claimant being disadvantaged in protecting his or her own interest. In *Bowen*, it was secretive conduct by the Government. *Bowen*, 476 U.S. at 481. In *Vernon*, it was an employee of the Social Security Administration that told the claimant an extension would be extended. *Vernon*, 811 F.2d at 1275. And here, it was an undated letter sent by the Appeals Council to Plaintiff. (Doc. 17 at Exh.1.) Because Plaintiff's letter was not dated, or stamped with the same date as the copy provided by the Commissioner, the letter failed to advise Plaintiff of her rights to timely appeal. Additionally, this case is distinguishable from both *Turner* and *Coleman* in that the conduct that precipitated

1 Plaintiff's untimely filing here was that of the Commissioner, rather than Plaintiff herself.  *See*
2 *Turner*, 862 F.2d at 709; *Coleman*, 2010 WL 2606241 at *3-4.
3         The letter produced by Plaintiff from the Appeals Council granting her a thirty-day
4 extension states, in pertinent part, "t]he Appeals Council now extends the time within which you
5 may file a civil action (ask for court review) for 30 days from the date you receive this letter.  We
6 assume that you received this letter 5 days *after the date on it* unless you show us that you did not
7 receive it within the 5-day period." (Doc. 17 at Exh. 1, emphasis added.)  While it can be argued
8 that Plaintiff could have called the Social Security Administration to inquire about the proper
9 deadline upon receipt of the undated letter, this Court finds it reasonable in light of the letter's
10 language that Plaintiff believed the extension began to run on January 5, 2010, the day she
11 received the letter.  In sum, this case presents circumstances that render it one of the "rare" cases
12 "in which the equities of tolling are compelling." *Bowen*, 476 U.S. at 480-481.

## CONCLUSION

14         For the forgoing reasons, Defendant's motion to dismiss this action under Federal Rule of
15 Civil Procedure 12(b)(6) is DENIED.
16         Accordingly, this Court sets the following deadlines for this action:
17     1.    The Commissioner shall file the administrative record on or before sixty (60) days
18 from the date of this order;
19     2.    Plaintiff shall then have thirty (30) days within which to file her confidential letter
20 brief;
21     3.    The Commissioner shall serve a response within thirty (30) days.
22     4.    If the parties do not agree to remand, Plaintiff shall file and serve an opening brief
23 thirty (30) days after the Commissioner's response.
24     5.    The Commissioner shall then file an opposition brief within thirty (30) days after
25 being served with Plaintiff's brief;
26     6.    Plaintiff may then file a reply brief, if she so chooses, within fifteen (15) days of
27 the Commissioner's opposition.
28

1 | The foregoing deadlines supersede those referenced in the Scheduling Order issued February 3, 2010.

IT IS SO ORDERED.

**Dated:** **October 29, 2010**                              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE