# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY LYNN BERRIGAN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendants. | 1:10-cv-00165 GSA<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>(Document 35)<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATIONS FOR SUBPOENA DUCES TECUM**<br>(Documents 32-34) |

On October 3, 2011, this Court issued its Order denying Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Order was filed on the docket October 4, 2011. (Doc. 30.) Judgment was entered against Plaintiff on October 4, 2011. (Doc. 31.)

*Plaintiff's "Motion for Reconsideration"*

On October 26, 2011, Plaintiff filed a "Motion for Reconsideration of Judgment Entered in Accordance with the Courts Order Dated 10/4/11." (Doc. 35.) That same date, Plaintiff filed three applications for subpoena duces tecum directed to three medical providers. (Doc. 32-34.) Pursuant to Local Rule 303(b), reconsideration of a magistrate judge's ruling must be sought

1

"within fourteen (14) days calculated from the date of service of the ruling . . .." Therefore, reconsideration must have been sought on or before October 18, 2011 (10/4/11 + 14 days = 10/18/11). Accordingly, Plaintiff's motion for reconsideration and the related applications are DENIED as untimely.

### *Motion to Alter or Amend Judgment*

If Plaintiff intended for her motion to be a motion to alter or amend the judgment, pursuant to Rule 59 of the Federal Rules of Civil Procedure, the motion is DENIED for the following reasons.

Rule 59(e) of the Federal Rules of Civil Procedure provides as follows: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Here, assuming Plaintiff intended to move pursuant to this rule, her motion was timely as it was filed within twenty-two (22) days after entry of judgment.

With regard to further consideration of Plaintiff's motion,

> [a] district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e). *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed.1995)). There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based; " 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

*Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Liberally construing Plaintiff's motion, it can be reasonably inferred that she intended (by simultaneously filing applications for subpoena duces tecum) to present newly discovered or previously unavailable evidence. To be clear, this Court finds there are no manifest errors of law or fact upon which the judgment is based, the motion was not necessary to prevent manifest injustice, and there has been no intervening change in controlling law.

//

//

Despite Plaintiff's assertions however, as the Court explained in its Order, at pages twenty and twenty-one, it has already determined that the new evidence would not have altered the administrative law judge's findings, or, the evidence was outside the relevant time period, and thus good cause was not established.

*Appellate Rights*

Finally, because judgment is final in this Court as of October 4, 2011, Plaintiff is advised that she may appeal this Court's Order to the Ninth Circuit Court of Appeals should she wish to do so.[1] Plaintiff is advised that pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, she has sixty (60) days following the entry of judgment within which to file a notice of appeal where the United States or its officer or agency - here, the Commissioner of Social Security - is a party.  Thus, should Plaintiff wish to appeal this Court's decision to the Ninth Circuit Court of Appeals, she must do so no later than December 5, 2011.[2]

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion filed October 26, 2011, is DENIED. Relatedly, her applications for subpoena duces tecum are also DENIED.  Plaintiff is advised that, with the exception of a notice of appeal, this Court will not entertain any further motions, applications or pleadings as the matter is now final for all purposes.

IT IS SO ORDERED.

**Dated: October 31, 2011**              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] "[A]n appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment." Fed. R. Civ. P. R. 73(c).

[2] Because the sixtieth day actually falls on Saturday, December 3, 2011, Plaintiff's notice of appeal would be timely if filed on the next business day, or Monday, December 5, 2011.